UNITED STATE DISTRICT COURT,
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUAN VU and MAY SIEW, individually as husband and wife, | CIVIL DIVISION |
| Plaintiffs, | No. |
| vs. | |
| SKI LIBERTY OPERATING CORP., d/b/a LIBERTY MOUNTAIN RESORT and SNOW TIME, INC., | |
| Defendants. | |

## COMPLAINT

AND NOW, come the Plaintiffs, Quan Vu and May Siew, by and through their attorney, D. Aaron Rihn, Esquire, and the law firm of Robert Peirce & Associates, P.C. and claim damages of the Defendants, Ski Liberty Operating Corp., d/b/a Liberty Mountain Resort and Snow Time, Inc., upon causes of action, whereof the following are statements:

## PARTIES

1. The Plaintiffs, Quan Vu and his wife, May Siew, are individuals who reside at 5315 Pooks Hill Road, Bethesda, MD 20814.

2. At all times material and relevant hereto, Plaintiff Quan Vu and Plaintiff May Siew were and are married as husband and wife.

3. The Defendants, Ski Liberty Operating Corp. and Snow Time, Inc. (hereinafter "Defendants") are Pennsylvania Corporations with their principal place of business in Pennsylvania.

4. Liberty Mountain Resort is located at 78 Country Club Trail, Fairfield, PA 17320.

5. Upon information and belief, at all times material hereto, Defendants were in control of and were responsible for the premises and maintenance of Liberty Mountain Resort.

6. At all times material hereto, Defendants acted by and through duly authorized agents, servants and/or employees, authorized and acting within the scope of their employment and duties.

## JURISDICTION AND VENUE

7. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship, and the matter in controversy exceeds the sum of seventy-five thousand ($75,000) dollars.

8. Venue is proper in the United Stated District Court of the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391, since the site of the underlying negligence and the negligent acts and/or omissions of Defendants occurred at Liberty Mountain Resort in Adams County, Pennsylvania which is located within the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

9. At all times material hereto, Defendants were and are the owners, operators, possessors, occupiers, and/or maintainers of a snow and ski resort known as "Liberty Mountain Resort."

10. At all times material hereto, Defendants had a duty to provide ski patrol and maintenance services at Liberty Mountain Resort, including but not limited to, maintaining safety on the ski slope area, preventing reckless or out-of-control skiers, providing advice and directions, and maintenance of slopes, equipment, signage, rope lines, and fences.

11. All of the acts or omissions by Defendants were done or not done by Defendants, their agents, servants, workmen, and/or employees acting within the course and scope of their employment and authority for and on behalf of Defendants.

12. At all times material and relevant hereto, Plaintiff Quan Vu was a business invitee of Defendants.

13. Defendants, as owners, occupiers, and/or possessors of land, owed a duty to its business invitees, including Plaintiff Quan Vu, to warn or otherwise make safe any dangerous condition upon its property which Defendants knew or should have known.

14. Defendants knew or should have known of the dangerous condition and had a duty to either warn or make safe the dangerous condition; yet, it failed to erect proper fencing or signage or to repair the defective condition of the slope.

15. On January 23, 2015 at approximately 9:00 p.m., Plaintiff Quan Vu was skiing downhill on the "Lower Heavenly" slope at Defendants' resort, Liberty Mountain.

16. At some point, a snowboarder cut off Plaintiff Quan Vu. To avoid crashing into said snowboarder, Plaintiff looked and identified what he thought was a clear path along the slope.

17. As Plaintiff began to ski towards the path he identified, he abruptly encountered an artificial cliff caused by the negligent maintenance of the Defendants. Plaintiff subsequently skied over the cliff and plummeted into a pile of large rocks that Defendants had placed and kept beside the slope.

18. The injuries suffered by Plaintiff from skiing off the unseen cliff and into the large rocks were serious and extensive, including twenty-one broken ribs, two punctured lungs, a shattered hip, a sliced liver, nerve damage, back and spine herniation, vision damage, a separated shoulder and a fractured skull.

19. Plaintiff was unable to see the dangerous condition of the cliff and the rocks from the ski slope, as it appeared to be a clear path to another ski slope.

20. The condition of the slope and the subsequent accident were not inherent to the sport of skiing because the cliff and the large rocks below posed a significant risk separate from the sport due to the lack of boundary markers or warning signs; or alternatively, due to the lack of maintenance, upkeep, inspection, and repair of the dangerous condition, and thus, 42 Pa.C.S. § 7102(c) does not preclude this claim.

21. Defendants negligently, carelessly, and/or recklessly cause and/or allowed the slope to remain in the dangerous condition and negligently, carelessly, and/or recklessly did not erect any warning signs or provide fencing outlining the boundaries.

22. Defendants had a duty to warn or otherwise make safe the dangerous conditions upon its property and it failed to do so.

23. As a result of Defendants' negligence, Quan Vu and May Siew have suffered serious, permanent, and painful injuries, as described more particularly below.

**COUNT 1 – NEGLIGENCE**
**PLAINTIFF, QUAN VU v.**
**DEFENDANTS, SKI LIBERTY OPERATING CORP. and SNOW TIME, INC.**

24. Plaintiffs hereby incorporate paragraphs 1 through 23 as if the same were set forth fully and at length herein.

25. The accident and the injuries and damages resulting therefrom were caused by the reckless, careless and negligent conduct of Defendants through the operation of the Liberty Mountain Resort, in some or all of the following particulars:

    a. In failing to use ordinary care and diligence to design, construct, keep, and maintain the ski slope "Lower Heavenly" in a condition reasonably safe for its intended uses and free from all defects and

4

      conditions which would render it unsafe for persons such as Plaintiff Quan Vu;

  b.    In permitting the defective condition of the cliff and rocks below to exist over an extended period of time, when Defendants knew, or should have known, that the condition of the slope constituted a hazard to the Plaintiff;

  c.    In failing to give the Plaintiff verbal warning of the dangerous condition;

  d.    In failing to prevent reckless and/or out of control skiers and snowboarders;

  e.    In failing to post conspicuous signs warning the Plaintiff of the dangerous and hazardous condition of the slope;

  f.    In failing to erect any sort of barrier, fence, rope line, or any type of boundary marker in order to alert skiers and stop them from skiing over the edge and into the large rocks below;

  g.    In failing to inspect the ski slope to detect the defective condition which would likely be hazardous and dangerous to Plaintiff; and,

  h.    In failing to remedy and repair the dangerous, hazardous and defective condition of the ski slope, when it knew, or should have known, that persons situate such as the Plaintiff could be injured if the condition were not corrected.

26.    The negligence of Defendants as set forth above was a proximate, direct, and substantial cause of Plaintiff's injuries as set forth herein.

27.    As a direct and proximate result of the negligence of Defendants hereinabove set forth, the Plaintiff has in the past experienced and endured and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, depression, fright, shock, worry, humiliation, anxiety, and other forms of distress; impairment of

the movement of the various parts of his body, including, but not limited to his feet, legs, facial muscles, and eyesight; the loss of the ability to engage in usual activities; the loss of income; the impairment of earning capacity; the impairment of general health, strength and vitality; and, the loss of the enjoyment of the daily pleasures of life.

28. In addition thereto, as a direct and proximate result of the negligence of Defendants, as hereinabove more particularly set forth, Plaintiff Quan Vu has incurred substantial expenses for hospital and physician care, medical supplies and other incidental expenses in an effort to effectuate a cure for the injuries sustained as a result of the accident complained of.

WHEREFORE, Plaintiff Quan Vu claims damages of the Defendants, in a sum in excess of the jurisdictional amount, to recover which this suit is brought.

### COUNT II – LOSS OF CONSORTIUM
### PLAINTIFF, MAY SIEW v.
### DEFENDANT, SKI LIBERTY OPERATING CORP. and SNOW TIME, INC.

29. Plaintiff May Siew hereby incorporates by reference paragraphs 1 through 28 as if the same were set forth fully and at length herein.

30. Plaintiff May Siew is the wife of Quan Vu, Plaintiff above.

31. As a further result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff May Siew has been deprived of the society, comfort, and consortium of her husband, Quan Vu, for a great period of time and will be deprived of the same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement

WHEREFORE, Plaintiffs Quan Vu and May Siew demand compensatory damages herein in a sum in excess of seventy-five thousand ($75,000) dollars.

JURY TRIAL DEMANDED.

ROBERT PEIRCE & ASSOCIATES, P.C.


By: /s/ D. Aaron Rihn
    D. AARON RIHN, ESQUIRE
    PA I.D. No.: 85752
    MARK D. TROYAN, ESQUIRE*
    PA I.D. No.: 313861
    707 Grant Street
    Suite 2500
    Pittsburgh, PA 15219
    (412) 281-7229
    Email: arihn@peircelaw.com
    Email: mtroyan@peircelaw.com

    Counsel for Plaintiffs

*To be admitted